UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Kevin Coyle

    v.                                  Civil No. 12-cv-332-JD

New Times Moving, Inc.
D/B/A Statewide Relocation

O R D E R

Kevin Coyle brought suit against New Times Moving, Inc. D/B/A Statewide Relocation ("New Times") after Coyle was injured while assisting in unloading household goods from a moving van operated by Red Gold Logistics, Inc.  New Times moves for summary judgment on the ground that it is not responsible for the conduct of Red Gold's employees.  Coyle objects to summary judgment.

Background

In December of 2011, Kevin Coyle hired Great American Van Lines to transport his son's belongings from Atlanta, Georgia, to Nashua, New Hampshire.  Great American contracted with New Times to do the job.  On December 17, 2011, New Times picked up the items in Atlanta, and provided a bill of lading to Kevin's son, Jesse, for the items.  New Times took the items to a storage facility in Norcross, Georgia.  New Times then subcontracted the remainder of the job to Red Gold.

Kevin called New Times on January 16, 2012, to find out where Jesse's property was and spoke to a New Times employee named Stephanie.  Stephanie said that New Times needed $700.00, which was about half of the total moving price.  Kevin paid New Times $700.00.

On January 19, 2012, a truck without a company name arrived at Kevin's house in Nashua.  Two men from the truck identified themselves as Arvin and Eric.  Arvin asked Kevin and Jesse to help unload the items from the truck, and Kevin and Jesse agreed. In the course of unloading, Kevin tore his biceps tendon when he attempted to get a box pushed to him by Eric.  Kevin signed the delivery acknowledgment section of the bill of lading. Stephanie, from New Times, called later in the day looking for payment.

## Standard of Review

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "On issues where the movant does not have the burden of proof at trial, the movant can succeed on summary judgment by showing 'that there is an absence of evidence to support the nonmoving party's case.'"  OneBeacon Am. Inc. Co. v. Commercial

Union Assurance Co. of Canada, 684 F.3d 237, 241 (1st Cir. 2012) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

In deciding a motion for summary judgment, the court draws "all reasonable inferences in favor of the non-moving party while ignoring conclusory allegations, improbable inferences, and unsupported speculation." Pruco Life Ins. Co. v. Wilmington Tr. Co., 721 F.3d 1, 6-7 (1st Cir. 2013) (internal quotation marks omitted). "A genuine issue is one that can be resolved in favor of either party, and a material fact is one which has the potential of affecting the outcome of the case." Jakobiec v. Merrill Lynch Life Ins. Co., 711 F.3d 217, 223 (1st Cir. 2013).

## Discussion

Kevin Coyle sued New Times under a theory of vicarious liability for the actions of Red Gold and its employees.[1] New Times moves for summary judgment on the ground that Red Gold was an independent contractor, not an agent of New Times, precluding

---

[1] Coyle's complaint does not specifically articulate a claim. In the "Facts" section of the complaint, Coyle alleges that New Times "through its agents, Red Gold Logistics, and its driver and helper, breached their duty to the Plaintiff to properly park and unload the vehicle and deliver the packages to the Plaintiff's home by allowing the load to shift, sending an overweight package down to Plaintiff, causing Plaintiff to receive the package and tear his shoulder." Based on those allegations, it appears that Coyle intended to allege negligence based on vicarious liability.

3

vicarious liability. In response, Coyle contends that New Times is liable for Red Gold and its employees under a theory of apparent authority. New Times addresses the apparent authority theory in its reply, arguing it was entitled to summary judgment because Coyle lacked evidence of control by New Times over Red Gold and lacked evidence to support apparent authority.

"Apparent authority is the power held by an agent or <u>other actor</u> to affect a principal's legal relations with third parties when a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations."[2] <u>Restatement (Third) of Agency</u> § 2.03 (2006) (emphasis added); <u>see also</u> <u>Christian v. Elden</u>, 107 N.H. 229, 234 (1966). Apparent authority does not depend on an existing or prior agency relationship and instead applies to actors who appear to be agents when they are not. <u>Id.</u> cmt. a. "[T]he focus of the apparent-authority inquiry is upon the representations of the alleged principal, not the alleged agent." <u>Dent v. Exeter Hosp., Inc.</u>, 155 N.H. 787, 794 (2007).

---

[2]The New Hampshire Supreme Court has not addressed § 2.03 but commonly relies on the Restatement for agency principles. <u>See, e.g.</u>, <u>Mbahaba v. Morgan</u>, 163 N.H. 561, 566 (2012); <u>Tessier v. Rockefeller</u>, 162 N.H. 324, 343 (2011); <u>Bouffard v. State Farm Fire & Cas. Co.</u>, 162 N.H. 305, 311-12 (2011); <u>Blouin v. Sanborn</u>, 155 N.H. 704, 706 (2007).

4

While New Times is correct that control is a central element of an agency relationship, apparent authority does not require actual agency. Therefore, New Times's control or lack of control over Red Gold is not dispositive of the claim.

New Times picked up the items from Jesse in Atlanta. New Times did not notify Jesse or Kevin that it had contracted with Red Gold to transport the items and deliver them in Nashua. By its actions, New Times implied that it was moving the items. In addition, Stephanie, from New Times, talked with Kevin both before the delivery and afterward, when she demanded payment. Under these circumstances, a material factual dispute exists as to whether New Times is vicariously liable for Red Gold's conduct based on the apparent authority doctrine.

## Conclusion

For the foregoing reasons, the defendant's motion for summary judgment (document no. 15) is denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

September 25, 2013

cc: Lawrence F. Boyle, Esquire
David M. Gottesman, Esquire
William A. Staar, Esquire
Bryan J. Townsend, II, Esquire